Brinkerhoff, J.
This is a petition in error filed here to reverse a judgment of the district court of Hamilton county, affirming a judgment of the common pleas of that county against the plaintiff in error and his co-defendants below, Stephen Davis and Carvil Hawkins. The error here assigned is, that “the district court should have reversed and set aside the judgment of the court of common pleas, and not have affirmed the same.”
The facts set out in the petition in the common pleas are, in brief, as follows:
“In the spring of 1849, Jacob Hines entered into a verbal con-475] tract with Stephen Davis, to do the carpenter-work *of a brick house, in the village of Mount Washington, for the gross amount of $550 ; that after said work was 'done, Davis persuaded him to remit $40 from the price. On the 24th May, 1849, they settled, when it was agreed that there was due to him from Davis, the sum of $527. That said house was situate on lot No. 4, Corbly’s first subdivision, in the town of Mount Washington, Hamilton county. To secure a lien, he filed in the recorder’s office, of said county, on the 23d of June, 1849, a written account of the labor *476 performed on said house, with the necessary affidavit required by the statute.
“ That at the October term, 1852, of the court of common pleas-for said county, he recovered a judgment against Davis for $369.00 on account of the work and labor performed on said house, that it remains unsatisfied and unreversed. That after the filing of said' lien, and before the recovery of said judgment, Stephen Davis sold> said premises to John Davis and Carvil Hawkins.”
The account and affidavit are as follows:
“ May 24,1849.
“Mr. Stephen Davis, debtor to Jacob Hines, doing carpenter-work, etc., at .house in Mount Washington:
“Carpenter-work..................................................... $510 00-
“ To painting and fitting sash @ 4J.............................. 17 74
“Agreed on by us................................................ $527 74
(Signed,) “ Jacob Hines,
“ Stephen Davis.”
“ State of Ohio, Hamilton County, ss.
“ Before me, D. T. Snelbaker, a justice of the peace, in and for-said county, personally came Jacob Hines, who, being duly sworn according to law, says that the above account of five hundred and twenty-seven dollars and seventy-four cents, against Stephen Davis, is just and true, and that the *balance of throe hundred and [476 twenty-seven dollars, or thereabouts, remains due and unpaid, and is for work and labor done and materials furnished by him, the said Jacob Hines, in building, erecting, and finishing for said Stephen Davis, a two-story brick house, forty feet front, and fifty feet deep, situate in the village of Mount Washington, Anderson township, Hamilton county, on a lot adjoining property of Stephen Sutton, in the rear of Perrine on the south, and Amanda Patton on the north. These proceedings are had for the purpose of procuring-a lien upon the above-described premises, and the appurtenances thereunto belonging, until the above debt of three hundred and twenty-seven dollars, or thereabouts, is paid.
"*• (Signed,) “Jacob Hines.
“ Sworn to and subscribed before me, this 14th June, 1849.
(Signed,) “D. T. Snelbaker,

11 Justice of the Feace.”

To this petition the defendants, Stephen and John Davis, file-what they call a “ demurrer and answer,” in which they say the-petition “is not sufficient in law, because, 1. No account of the items of labor was filed in the recorder’s office, or recorded; 2. No> *477 .suit was commenced on the pretended lien, within two years after the sa-me was pretended to have been perfected.’' And then, “ claiming the benefit of the insufficiency of said petition,” they proceeded-to answer the facts stated in the petition.
The case was.submitted to the court, without the intervention •of a jury. The court find “that the petition is sufficient inlaw, •and that the account of the items of labor, a copy of which is attached to the petition, was filed in the recorder’s office, that suit was brought on said account within two years after the lien was perfected; that at the October term, 1852, of said court, Hines re•covered a judgment against Stephen Davis for $369, on account 477] of said *labor, performed on said house, that said judgment is unreversed and unpaid, and that there is due $391.14; that in •order to secure said account, the plaintiff did file in.the recorder’s office of said county, a written account of the labors performed on said house, according to the statute, and thereby procured a lien on .said premises. That Stephen Davis did convey the'same to John Davis. It is thereupon ordered, that the defendants pay said sum •of $391.14, and costs of suit, within ten days, and, .in default thereof, that said property be sold, and the proceeds applied to the payment •of said judgment.”
The lien which the plaintiff below sought to enforce, arose, if at .all, and was governed by the first, seventh, and eighth sections of the “ act to create a lien in favor of mechanics and others, in certain •cases,” passed March 11, 1843. Curwen’s Stat. 964. Those sections provide as follows:
1. That the mechanic shall have a lien, etc.; 2. That any person entitled to a lien, etc., “shall make an account in writing of the items of labor,” etc., and, “within four months from the time of performing such labor,” etc., “shall file the same in the recorder’s office,” etc., which shall operate as a lien for two years after the commencement of such labor, etc.; 3.' That when any suit shall be commenced on such account, within the time of such lien, the same shall continue until the suit is determined, and the judgment obtained is satisfied.
The filing of a demurrer and answer, and tendering an issue of law and of fact at the same time, and in the same paper, when the petition contains but one cause of action, is certainly a strange practice, and one more honored in the breach than in the observance. The defendants ought to have been compelled to elect be *478, 479 tween the two incongruous issues they sought to present, and the-paper to have been reformed or stricken from the files. But, as no-motion *for that purpose seems to have been made, we do [478 -not know that the court was obliged to act in the premises on its own motion.
Be this, however, as it may, the court proceeded to pass on the demurrer, and, in overruling the same, and holding the petition to be sufficient in law, without any allegation therein that the suit for-the recovery of the demand for the security of which the lien was claimed, was commenced within two years from the time of the-accruing of such lien, we think the court erred. But, can the-plaintiff in error now take advantage of that error? "We think not; and for three reasons:
1. Because he did not except at the time the decision was made, but proceeded to plead over, and go to trial on the issues of fact.
2. Because it was not assigned for error, in the petition in error-filed in the district court.
3. Because the fact not alleged in the petition was, as appears by the finding of the court, supplied by the evidence; so that the defendants below could not have been injured by the absence of the averment.
In this court the plaintiff in error has assigned generally for-error that the district court erred in affirming the judgment of the common pleas; and under this general assignment, has attempted, by way of subdivision, to assign errors on the record of the proceedings in the common pleas, which were, not assigned in the petition in error filed in the district court. This can not be allowed It was competent, doubtless, for the district court, if it thought-proper and had leisure to do so, to embark in a voyage of discovery in quest of errors not assigned; but it was under no obligation to-do so; and we will not reverse its judgment if we find that it has-correctly decided the questions presented by the plaintiff in error-in his pleading.
*But one error is assigned in the district court on the record [479 of the common pleas. And that is this : “ That said order finds that said Jacob Hines has a lien on the premises therein described, and directs said premises to be sold to pay the same.” And there-is no general assignment of errors.
Did the court of common pleas err in this finding ? And if so, - wherein? A jury having been waived by the parties, all questions. *480 -of fact, as well as law, were submitted for its determination. What testimony was before that court, and what objections, if any, were made to the introduction of the testimony, if any, does not appear, for no bill of exceptions was taken. The want of an allegation in the petition as to the time within which' suit on the demand for which the lien was claimed was commenced is cured by the finding that it was commenced in due time. And in the absence of any bill of exceptions showing the contrary, we must presume ttjat this finding of a matter of fact was based on sufficient eviden.ee, and that this evidence was competent, or, at least, not objected to.
But one question remains; and that is, whether the account of items of labor, filed by the plaintiff below in the office of the county recorder, was, under the circumstances of this case, sufficiently ¡specific and in detail? The account filed is as follows :
“ May 24, 1849.
“Mr. Stephen Davis, debtor to Jacob Hines, doing capenter-work, •etc., at house in Mount Washington:
“Carpenter-work........................................................$510 00
■“To painting and fitting Bash @ 4J1............................... 17 74
“Agreed on by us.................................................$527 74
(Signed,) “ Jacob Hines,
“Stephen Davis.”
*Now, if this account had, from the nature of the contract and dealings between the parties, properly consisted of a succession •■of particulars forming the subject-matter of a running account, a question as to its sufficiency might well have been made. But ■such is not its character. The petition alleges that the work was undertaken and completed as an entire job (by the job), and for .an entire price. These allegations arc distinctly admitted by the .answer. And in such a case .it would naturally be very difficult, if not imjiossible, for the mechanic to furnish a detailed statement ■ of particulars, and we think the employer has no right to demand it.
On the whole, we are clearly of the opinion that there is no error in the judgment of the district court, and that it ought to be affirmed.

Judgment accordingly.

Bartley, O. J., and Swan, Bowen, and Scott, JJ., concurred.